**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Paul Jones, | Case No. 2:22-cv-00585-RFB-BNW |
| Plaintiff, | |
| v. | **ORDER** |
| Mace DiGiacomo, et al., | |
| Defendants. | |

Plaintiff, Paul Jones, filed documents initiating this case on April 6, 2022. ECF No. 1. Plaintiff submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees or costs or give security for them. *Id*. Accordingly, the Court will grant his request to proceed *in forma pauperis*. The Court now screens Plaintiff's complaint.

**I.     Analysis**

**A.     Screening Standard**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (*quoting Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id*. But unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

### B. Screening the Complaint

Plaintiff's complaint is short and somewhat confusing. From what the Court can understand, Plaintiff alleges that some state criminal charges against him were dismissed in September 2017. However, Mace DiGiacomo and Pamela Weckerly (both district attorneys) later re-filed these charges. Plaintiff claims that the State of Nevada did not properly investigate his case. For example, he claims that the state alleged that a homicide occurred before the coroner determined the cause of death. He also alleges that the state rendered a "faulty verdict of the facts." Plaintiff titles his claim "malicious prosecution and malpractice" but also claims he was falsely arrested, falsely imprisoned, and that his Fifth and Fourteenth Amendment rights were violated. Judge Togliatti and the two district attorneys are named as defendants.

Plaintiff seeks damages under 42 U.S.C. § 1983 for violation of his constitutional rights. If a § 1983 case seeking damages alleges constitutional violations that would necessarily imply the invalidity of a conviction or sentence, the prisoner must establish that the underlying sentence or conviction has been invalidated on appeal, by habeas petition, or through a similar proceeding. *See Heck v. Humphrey*, 512 U.S. 477, 483-87 (1994). Under *Heck*, a party who was convicted of a crime is barred from bringing a suit under § 1983 if a judgment in favor of that party would necessarily imply the invalidity of the conviction or sentence. *See Whitaker v. Garcetti*, 486 F.3d 572, 581 (9th Cir. 2007) (citing *Heck*, 512 U.S. at 114).

Here, based on Plaintiff's short complaint, the Court cannot tell if Plaintiff's claims are barred by *Heck*. First, the Court cannot tell if the basis for some or all of Plaintiff's claims is (1) the first prosecution that was terminated or (2) the second prosecution that was brought. Second, the Court does not know if Plaintiff was convicted of the charges brought in the second prosecution. Though Plaintiff alleges that the state rendered a "faulty verdict of the facts," the Court does not know if this means that he was actually convicted (or if Plaintiff is simply trying to communicate that the state came to the wrong conclusion about the facts). Because Plaintiff's complaint does not flesh out these critical points, the Court will dismiss Plaintiff's complaint with leave to amend.

If Plaintiff chooses to amend, he must state: (1) whether his claims are based on the first prosecution that was terminated or (2) the second prosecution that was brought. If his claims are based on the second prosecution, he must state (1) whether he was convicted and (2) whether his conviction or sentence has been invalidated or reversed.

To help Plaintiff file a properly formatted amended complaint, the Court advises Plaintiff of the following requirements under the Federal Rules of Civil Procedure.

First, Plaintiff is advised that he must specify which claims he is alleging against which defendants. Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, Plaintiff still must give defendants fair notice of each of the claims he is alleging against each defendant. Specifically, he must allege facts showing how each named defendant is involved and the approximate dates of their involvement. Put another way, Plaintiff should tell the Court, in plain language, what each defendant did to him and when. "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Second, Plaintiff's amended complaint must be short and plain. The simpler and more concise Plaintiff's complaint, the easier it is for the Court to understand and screen it. The Federal Rules also require this. Under Federal Rule of Civil Procedure 8, Plaintiff's amended complaint must contain "a short and plain statement of the claim showing that [Plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Fed. R. Civ.

P. 8(d)(1). "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "[E]ach claim founded on a separate transaction or occurrence . . . must be stated in a separate count." *Id.*

Third, Plaintiff may not raise multiple unrelated claims in a single lawsuit. The Federal Rules of Civil Procedure do not permit a litigant to raise unrelated claims involving different defendants in a single action. A basic lawsuit is a single claim against a single defendant. Federal Rule of Civil Procedure 18(a) allows a plaintiff to add multiple claims to the lawsuit when those claims are against the same defendant. Federal Rule of Civil Procedure 20(a) allows a plaintiff to add multiple parties to a lawsuit where the right to relief arises out of the "same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2)(A). "However, unrelated claims that involve different defendants must be brought in separate lawsuits." *Bryant v. Romero*, No. 1:12-CV-02074-DLB PC, 2013 WL 5923108, at *2 (E.D. Cal. Nov. 1, 2013) (citing *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)). This rule is intended to avoid confusion, which arises out of bloated lawsuits.

Lastly, Plaintiff's amended complaint must be complete in and of itself. If Plaintiff chooses to file an amended complaint, he is advised that an amended complaint supersedes the original complaint and, thus, the amended complaint must be complete by itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). Plaintiff's amended complaint must contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit.

**II.   Conclusion**

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is **GRANTED**. Plaintiff will not be required to pay the filing fee in this action. Plaintiff is permitted to maintain this action to conclusion without the necessity of

prepayment of any additional fees or costs or the giving of a security for fees or costs. This order granting leave to proceed *in forma pauperis* does not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of Court must detach and file Plaintiff's complaint (ECF No. 1-1).

**IT IS FURTHER ORDERED** that Plaintiff's complaint (ECF No. 1-1) is dismissed with leave to amend.

**IT IS FURTHER ORDERED** that if Plaintiff chooses to file an amended complaint, he must do so by September 29, 2022. Failure to file an amended complaint in accordance with this order will result in a recommendation that this case be dismissed.

DATED: August 24, 2022

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE